FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 28 2008

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ROBINS DURRANCE, GDC NO. 441219, Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:08-CV-0667-WSD |
| JAMES E. DONALD, et al., Defendants. | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983

2

claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.  Discussion

    A.  Plaintiff's Allegations[1]

According to Plaintiff, "late in 2004, while at Smith State Prison, I was attacked by another inmate . . ., [and] I received a broken nose." (Doc. 1 at ¶ IV). "In the early part of 2005, I [Plaintiff] was sent to Augusta State Medical Prison for surgery." (Id.). The intern who performed the surgery allegedly told Plaintiff that "this was a simple 30 minute procedure, [and] that he had done many of [them]." (Id.). "Two days after the surgery, the intern called me [Plaintiff] to medical to remove the packing inside my nose, only to find that it was still broken." (Id.). The intern wanted to schedule a second surgery, but Plaintiff allegedly "told him that he failed the first [time], and [he] wouldn't get a second chance." (Id.).

---

[1] In order to improve readability, minor errors in punctuation have been corrected without notation.

After returning to the Smith State Prison, Plaintiff allegedly "complained about headaches, not being able to breathe properly, nose bleeding, soreness of my nose, and not being able to wear my reading glasses as needed." (Id.) Plaintiff saw the prison "eye doctor who recommended a pair of glasses with adjustable bridge pieces to take the pressure of one side of my nose, and this [recommendation] was denied." (Id.).

After Plaintiff was transferred to the Valdosta State Prison, he allegedly "renewed my complaints about my nose." (Id.). An eye doctor allegedly made the same recommendation for new reading glasses, but the recommendation was again denied. (Id.). A doctor at the Valdosta State Prison also allegedly requested that Plaintiff be "referred . . . to their outside facility closest to Valdosta, and this [request] was denied." (Id.).

On November 6, 2006, Plaintiff was transferred to the Hays State Prison in Trion, Georgia. (Id.). Plaintiff was then examined by Doctor Centa, who was employed by the prison. (Id.). Centa allegedly told Plaintiff that his "nose had to be fixed." (Id.). Due to Plaintiff's past experience at the Augusta Medical Prison, Centa attempted to have Plaintiff obtain "a second opinion from their outside facility in Rome." (Id.). Centa left the Hays State Prison,

4

and the new institutional director, P.A. Mike Patterson, allegedly told Plaintiff that "if I did not return to Augusta Medical, I would not receive any medical treatment." (Id.).

Plaintiff also describes his pursuit of administrative remedies. On August 28, 2007, Plaintiff was allegedly interviewed "by a lady from Internal Affairs." (Doc. 1, attached supplement to ¶ IV, at 1). On February 11, 2008, after requesting an update, Plaintiff allegedly received a response from Internal Affairs which stated: "speak with your assigned counselor regarding this issue." (Id.). Plaintiff states that on February 13, 2008, and February 20, 2008, he made written requests to see his counselor "which were totally ignored." (Id.). Although Plaintiff executed the instant civil rights action on February 20, 2008, he states that on February 24, 2008, he wrote the prison's Chief Counselor "about this issue." (Id.). The Chief Counselor forwarded Plaintiff's request to Mrs. Lively, possibly Plaintiff's assigned counselor. (Id.). Lively alleged told Plaintiff that "your grievance appeal was not received by our grievance coordinator to be sent to Atlanta." (Id.). Plaintiff maintains that Lively's answer was "a pure lie." (Id.).

5

AO 72A
(Rev.8/8
2)

On February 27, 2008, this Court received the instant complaint. (Doc. 1). Plaintiff has named Georgia Department of Corrections Commissioner James E. Donald, Georgia Attorney General Thurbert Baker, and Georgia Department of Corrections Managing Director of Health Care Robert Bradford as Defendants in this civil action. (Id. at ¶ III.B.). Apparently, Plaintiff's appeal was submitted to the Georgia Department of Corrections' Atlanta office, because as relief, Plaintiff asks this Court to order Defendants "to render a decision in this matter." (Id. at ¶ V). The Court understands the Plaintiff is essentially requesting that he be treated for his nose condition by a qualified physician at or near his current institution and that he not be required to be transported to Augusta State Medical Prison for treatment.

B.  Analysis

Plaintiff asks this Court to order Defendants to render a decision on his appeal. Plaintiff's requested relief is "in the nature of mandamus." 28 U.S.C. § 1361. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Id. Federal courts have no general power to issue writs of mandamus against state officials. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973);

6

Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (5th Cir.), cert. denied 454 U.S. 1126 (1981). Therefore, this Court cannot grant Plaintiff the relief he seeks.

Further, the named Defendants have not been directly involved in Plaintiff's medical treatment. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted). A supervisor is liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. Plaintiff has not alleged facts indicating that the named Defendants acted in such a way as to be casually connected to Plaintiff's alleged injuries. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prison's refusal to entertain his grievance" did not state civil rights violation); Dunn v. Martin, 178 Fed. Appx. 876, 878 (11th Cir. Apr. 21, 2006) (citing Flick v. Alba in support of decision finding no constitutional violation as a result of prison officials failing to respond to a grievance) (unpublished opinion). Consequently, even if Plaintiff

7

had requested relief which this Court has the authority to grant, Plaintiff would not be entitled to that relief against these Defendants.

In summary, Plaintiff has failed to seek relief which this Court has the authority to grant. Plaintiff has also failed to allege facts indicating that any of the named Defendants have violated his constitutional rights. Accordingly, this action should be dismissed.[2]

While this action is required to be dismissed, the Court would urge the Plaintiff to cooperate with personnel at his institution to allow his medical condition to be attended to. If that requires Plaintiff to be transported to Augusta State Medical Facility, the Court urges Plaintiff to abide by that decision and cooperate in transfer to that facility. On the other hand, the Court urges officials at his current institution of incarceration to determine if Plaintiff's nose issue can be treated by a qualified doctor at or near the institution where Plaintiff now is assigned.[3]

---

[2] Although Plaintiff may not have exhausted his available administrative remedies, the Prisoner Litigation Reform Act permits a district court to summarily dismiss a prisoner's complaint "without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

[3] The Court is forwarding a copy of this Order to the Warden at Wilcox State Prison for his assistance in addressing this treatment issue.

8

AO 72A
(Rev.8/8
2)

III. <u>Conclusion</u>

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, the instant 42 U.S.C. § 1983 civil rights action is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action <u>in forma pauperis</u> [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 28th day of March, 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE